**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10086
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR CHRISTIAN FLORES-GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(:04-CR-41-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Defendant-Appellant Cesar Christian Flores-Guerrero ("Flores") appeals his convictions on charges of unlawful possession of a firearm by an illegal alien and using fraudulent immigration documents. He contends that the district court erroneously concluded that he was "illegally or unlawfully in the United States" for purposes of 18 U.S.C. § 922(g)(5)(A). Flores insists that he was present with the knowledge and authorization of immigration officials. In support of this assertion, he relies on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fact that he had been released from immigration custody on bond pending removal proceedings. Flores also contends that he was in the process of obtaining lawful status at the time he was arrested, as evidenced by the fact that his wife had a Petition for Alien Relative pending.

An immigration bond does not confer lawful status on an alien for purposes of 18 U.S.C. § 922(g)(5)(A). The purpose of releasing an alien on bond is to release him from custody while removal proceedings are pending, not to change his status. See United States v. Bravo-Muzquiz, 412 F.3d 1052, 1055 (9th Cir. 2005). Furthermore, the fact that an alien has applied to adjust his status "does not connote that the alien's immigration status has changed, as the very real possibility exists that the INS will deny the alien's application altogether." See United States v. Lucio, ___ F.3d ___, 2005 WL 2529686, *5 (5th Cir. Oct. 12, 2005). Flores entered the United States illegally, and he remained unlawfully and illegally in the United States for purposes of 18 U.S.C. § 922(g)(5)(A).

AFFIRMED.